## MEYER *v.* SARFERT.

---

PATENTS; INTERFERENCE; PRIORITY OF INVENTION; BURDEN OF PROOF;
CONCEALMENT OF INVENTION.

1. A junior applicant is charged with the burden of proof and, if his opponent holds a patent, must prove his case beyond a reasonable doubt.

2. Where such an applicant concealed his invention in stocking-singeing machines for a short time, but soon gave it to the public in the way of the result of its operation and showed it to his opponent early in the year following its reduction to practice by construction of an operative machine, such conduct is inconsistent with the theory of suppression of the invention which will deprive him of his rights; *distinguishing* Mason v. Hepburn, 13 App. D. C. 86.

No. 209.  Patent Appeals.  Submitted November 13, 1902.  Decided December 3, 1902.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.          *Affirmed.*

The COURT in the opinion stated the case as follows:

This is an appeal from the Commissioner of Patents in an interference case. The subject-matter of controversy is an improvement in singeing-machines used in connection with the manufacture of stockings; and it has been stated by the Patent Office in two counts, as follows:

" 1. In a stocking-singeing machine, burner-tubes arranged to direct their flames toward each other, a suitable former over which the stockings to be singed are stripped, whereby the threads or fibers thereof are stretched or spread apart, the means for bodily moving said former and surrounding stockings between the flames of the burner-tubes, substantially as described.

" 2. In a stocking-singeing machine, a pair of burner-tubes arranged to project jets of flame in opposite directions, a suitable former over which they are supported in a flat condition, and means for feeding said former and surrounding stocking through the jets of flame, whereby both sides of the stocking are singed at one operation."

The appellant, Robert Meyer, holds a patent for the invention which was issued to him on January 16, 1900, upon an application filed March 16, 1899. The application of Max Sarfert was filed on March 10, 1900, nearly two months after the issue of Meyer's patent, with actual knowledge of the issue of that patent and with the avowed purpose of bringing on an interference.

In his preliminary statement, Sarfert alleges conception of the invention in issue in July of 1897, and reduction to practice in March of 1898. Meyer alleges conception and disclosure in April of 1898, and reduction to practice in May of 1898.

Upon the testimony in the case all three of the tribunals of the Patent Office, notwithstanding the patent held by Meyer, held that Sarfert was entitled to judgment of priority of invention. In the board of examiners-in-chief, however, there was dissent. One of the members filed an elaborate

opinion in which he reached the conclusion that Meyer was the prior inventor.

From the decision of the Commissioner Meyer has appealed to this court.

*Mr. Percy B. Hills* for the appellant.

*Messrs. Wiedershcim & Fairbanks* and *Mr. Harry Cobb Kennedy* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

Sarfert, as the junior applicant, is chargeable with the burden of proof. The fact that his opponent Meyer holds a patent, imposes the burden on him to prove his case beyond a reasonable doubt. This he does if he proves his dates conclusively, as set forth in his preliminary statement: for these dates are all prior to the time which Meyer claims as that of his conception of the invention: unless, indeed, Sarfert's delay in applying for a patent has the result of affecting his right.

The case is one merely of the weight of testimony. There is an ".Exhibit A" in the case, being a machine constructed by Sarfert, which, by written stipulation, is conceded to be a reduction of the invention to practice by Sarfert, and which is amply proved even without the stipulation. Its date, however, is not shown by the stipulation. There is also a stipulation to the effect that about June 14, 1898, Meyer constructed a machine wherein he reduced the invention to practice. But Sarfert's Exhibit A is shown by testimony, which is indisputable and which places the fact beyond all question, to have been constructed as early as March, 1898. It necessarily follows that Sarfert's conception of the invention and its reduction to practice by him both antedated Meyer's conception, for which he himself claims no earlier date than April of 1898.

There is the usual claim of inoperativeness of Exhibit A, the absence of some of the component members, and other

defects. But we think that all these considerations have been satisfactorily disposed of by the Commissioner in his opinion, as well as by the other tribunals of the Patent Office in their respective decisions. We deem it unnecessary and would regard it as useless to add to the review of the testimony which they have so well analyzed and discussed.

It is argued that Sarfert concealed his invention, and that his case therefore should be governed by the decision in *Mason* v. *Hepburn,* 13 App. D. C. 86. It is true that he may have concealed it for a little time; but it is very plain that he soon gave it to the public in the way of the result of its operation, and that he showed it to his opponent Meyer early in 1899. This is inconsistent with the theory of suppression of the invention to which effect was given in the case of *Mason* v. *Hepburn.*

On the whole, we think that the Commissioner and the other tribunals of the Patent Office were right in the conclusion reached by them in this case. The decision of the Commissioner, awarding judgment of priority of invention to the appellee Sarfert, will therefore be *affirmed.*

*The clerk of the court will certify this opinion, and the proceedings in the cause in this court, to the Commissioner of Patents according to law.*